**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cliffton Equities, Inc., | |
|         Plaintiff, | No. CV-12-08131-PHX-PGR |
|     vs. | |
| Summerlin Asset Management III, LLC, | ORDER |
|         Defendant. | |

On August 21, 2012, the Court entered an Order (Doc. 13) that dismissed the complaint because it failed to adequately allege the basis for diversity of citizenship jurisdiction and required the plaintiff to file an amended complaint that properly states a jurisdictional basis for this action. On August 30, 2012, the plaintiff filed a First Amended Complaint that is still jurisdictionally defective.

The Court's previous order required the plaintiff in part to "affirmatively allege the state of citizenship of each member" of defendant Summerlin Asset Management III, LLC. The First Amended Complaint alleges that the defendant's sole member is Summerlin Asset Management, LLC, which is alleged to have three members: "Peter Pakes, James Stepanian and Adam Pakes, each of whom is a resident of Lake Havasu City, Arizona." This allegation of residency is

deficient as a matter of law to invoke diversity jurisdiction because it fails to allege the individuals' citizenship as required. See Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")   To cure this pleading deficiency, the plaintiff must affirmatively allege the state of citizenship of the three individuals.

The plaintiff is advised that the Court will not permit a fourth attempt to plead diversity jurisdiction and that a failure to timely or sufficiently comply with this Order will result in the dismissal of this action for lack of subject matter jurisdiction.  Therefore,

IT IS ORDERED that the First Amended Complaint is dismissed for lack of subject matter jurisdiction and that the plaintiff shall file a second amended complaint properly stating a jurisdictional basis for this action no later than **September 10, 2012.**

DATED this 4th day of September, 2012.

Paul G. Rosenblatt
United States District Judge