**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cliffton Equities, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Summerlin Asset Management III, LLC, <br><br> Defendant. | No. CV-12-08131-PCT-PGR <br><br><br> ORDER |

Pending before the Court is the plaintiff's Motion to Dismiss Count Two of Counterclaim (Doc. 19). Having considered the parties' memoranda in light of the relevant record and the oral argument of counsel, the Court finds that the motion should be denied.

Background

The parties entered into three loan transactions, each with its own loan agreement, master promissory note and security agreement. Pursuant to these transactions, the defendant borrowed money from the plaintiff in order to acquire first lien promissory notes secured by deeds of trust on residential property. The first loan agreement, dated October 30, 2009, was for $1,000,000. The defendant used money from the first loan agreement to purchase nine first lien promissory notes,

one of which was for a property owned by a person named Rowley. Rowley subsequently defaulted on his promissory note and the property was repossessed by the defendant and was sold for $181,091.70. The defendant paid the plaintiff $88,530.29 of the Rowley sale proceeds but has refused to release the remaining $92,561.41 of the proceeds based on a claimed offset for other amounts it contends it is entitled to recoup from the plaintiff.

The plaintiff's Second Amended Complaint alleges claims for breach of contract and for declaratory judgment, both of which arise from the defendant's failure to pay it the remaining proceeds from the Rowley sale. The defendant's answer to the Second Amended Complaint contains counterclaims for breach of contract, unjust enrichment/restitution, and for an accounting. The defendant's counterclaims arise from its contention that the plaintiff breached the parties' agreements and has been unjustly enriched by insisting that surplus note sale proceeds from one note transaction be used to make up losses experienced in other note transactions both within the same loan agreement and in different loan agreements.

Discussion

The plaintiff, presumably pursuant to Fed.R.Civ.P. 12(b)(6), has moved to dismiss the defendant's unjust enrichment/restitution counterclaim.[1] The gist of the plaintiff's argument is that the counterclaim is not based on a cognizable legal theory

---

[1] This counterclaim, which the defendant states relates to alleged overpayments it mistakenly made to the plaintiff in transactions other than the Rowley note, alleges in part that "Counterdefendant has been unjustly enriched in an amount to be proven at trial but not less than $92,561.41 representing the surplus proceeds from Promissory Notes used to pay short falls in Promissory Notes whether within the same Loan Agreement or separate Loan Agreements."

because the parties' relationship is governed by various express contracts. *See* Brooks v. Valley Nat'l Bank, 548 P.2d 1166, 1171 (Ariz.1976) ("[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application."); *see also*, Trustmark Ins. Co. v. Bank One, Arizona, NA, 48 P.3d 485, 492 n.5 (Ariz.App. 2002) (Court noted that the "absence of a legal remedy" element of an unjust enrichment claim is controlled by whether there is a contract which governs the relationship between the parties.)

The Court agrees with the defendant that the mere existence of the loan contracts does not automatically invalidate the unjust enrichment counterclaim as an alternative pleading theory.[2] *See* Adelman v. Christy, 90 F.Supp.2d 1034, 1045 (D.Ariz.2000) ("The language in *Brooks [v. Valley Nat'l Bank] ...* is misleadingly overbroad. The mere existence of a contract governing the dispute does not automatically invalidate an unjust enrichment alternative theory of recovery. A theory of unjust enrichment is unavailable only to a plaintiff if that plaintiff has already *received* the benefit of her contractual bargain.") (Emphasis in original). The defendant's position is that it has not received the benefit of its bargain under the contracts since it has mistakenly overpaid the plaintiff under the terms of the contracts.

In its reply, the plaintiff argues that the Adelman exception to the general rule

---

[2] While the defendant's counsel conceded at oral argument that the unjust enrichment counterclaim was not expressly pleaded as an alternative to the breach of contract counterclaim, that is not legally significant because "there are no requirements to include the magic words 'in the alternative' in making alternative claims." Arnold & Associates, Inc. v. Misys Healthcare Systems, 275 F.Supp.2d 1013, 1029 (D.Ariz.2003). The defendant has stated that is not seeking a double recovery through its alternative claims; rather, it is seeking recovery of its overpayment to the plaintiff whether it be under its breach of contract counterclaim or its unjust enrichment counterclaim.

is not controlling, and the unjust enrichment counterclaim is untenable, because the defendant received the sole benefit of its bargain under the parties' contracts when it received the loan monies; it further argues that the parties' dispute over the loan repayments arose after the defendant received those monies.

While the plaintiff's assertion that the parties' repayment dispute will be answered by the parties' contracts may subsequently turn out to be correct, the plaintiff has not persuaded the Court that the unjust enrichment counterclaim has been improperly raised as an alternative theory of recovery under Fed.R.Civ.P. 8(d)(2). The record before the Court is simply insufficient to allow the Court to determine that the Adelman exception is inapplicable here because none of the parties' various contracts are currently part of the record. Notwithstanding the plaintiff's argument to the contrary, the Court concludes that knowledge of the contents of the parties' contracts is essential because without that information the Court cannot, for example, determine whether the defendant has received all that it bargained for or that the defendant is seeking through its unjust enrichment counterclaim to obtain relief prohibited by the parties' contracts. *See e.g.*, Isofoton, S.A. v. Giremberk, 2006 WL 1516026, at *4 (D.Ariz. May 30, 2006) (In a case involving breach of contract and unjust enrichment claims stemming from the defendant's alleged failure to pay for the plaintiff's products under a commission agreement, the court, in denying the defendant's motion to dismiss the unjust enrichment claim due to the existence of a contract between the parties, concluded that it could not determine through the motion to dismiss that the unjust enrichment claim was not properly pleaded as an alternative theory of recovery under Rule 8 because no findings had been made yet about the existence of a binding agreement and whether the benefit of the bargain had been received); *cf.* U.S. Bank Nat'l Ass'n

v. Casa Grande Regional Medical Center, 2006 WL 1698288, at *6 (D.Ariz. June 16, 2006) (In a case involving breach of contract and unjust enrichment claims stemming from the plaintiff's alleged overpayment to the defendant, the court, citing in part to the Adelman case, ruled on summary judgment that the existence of a contract between the parties did not preclude the unjust enrichment claim since "an unjust enrichment claim may be brought in the alternative, subject to a single recovery, so long as the unjust enrichment claim does not seek to relieve the plaintiff of the effects of an express provision in the contract. ... Here, even if the contracts did not provide for reimbursement, they in no way *prohibited* reimbursement of such an overpayment. [The plaintiff's] unjust enrichment claim therefore does not seek to subvert any express provision of the parties' contract and was properly raised in the alternative.") (Emphasis in original).  Therefore,

IT IS ORDERED that the plaintiff's Motion to Dismiss Count Two of Counterclaim (Doc. 19) is denied.

DATED this 17th day of December, 2012.

_____
Paul G. Rosenblatt
United States District Judge